Tompkins, J.,
delivered the opinion of tb,e Court.
In the year 1823, the Assembly authorized by law the leasing of the salt springs belonging to the State; in 1823, George Craig, the petitioner in this case, leased Buffalo saline, under the provisions of that law. On the 30th of December, 1824, another law authorized the Auditor to issue a warrant of distress against any lessee of the Slate salines, who should fail or neglect to pay his rent into the State Treasury, and to produce to the Auditor the Treasurer’s receipt therefor; ‘and on the 27th of July, 1826, the Auditor issued his warrant against said Craig and his securities, for the sums due to the State for the rent of the Buffalo saline. It is the opinion of the Court that the Legislature intended the law to act prospectively only. The summary mode of proceeding, provided for in the law of 1824, precluded the petitioner, Craig, from all the defences which he might possibly have had under the law, as it stood when he took his lease. We think the Legislature never intended this summary mode of redress to he used against any who had not assented to’ it. The people assent to this summary mode of collecting taxes through their representation. But an individual, having already made his eontract with the State, cannot be supposed to yield his assent to such a summary mode of proceeding but by his own immediate act.
By the 8th section of the 13th article of the Constitution of this State, it is provided that the right of trial hy jury shall remain inviolate. We are inclined to *468 believe that the Legislature have no power to authorize the .collection of this money, in a summary way, by a law passed after the contract was made. Rut there is no occasion for resorting to this constitutional provision, for in the veiy beginning of the act of 1824, the language of the legislative body is prospective ; they speak of salines to be leased from and after the passage of “ this act.”
Let the writ go.